## CEMENT SECURITIES CO. v. UNITED STATES.

### No. H—232.

Court of Claims.

May 7, 1934.

**THE PORT HUNTER.**

**No. 562.**

District Court, D. Massachusetts.
May 10, 1934.

Robert R. Faulkner, of Washington, D. C. (J. B. Grant, of Denver, Colo., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This suit is brought to recover $52,415.24 paid as capital stock taxes by the plaintiff corporation for the fiscal years ending June 30, 1920, to 1924, inclusive. The plaintiff alleges in substance in its petition that it was merely a holding company during the years in suit and transacted no business other than was incidental to its ownership of stock of operating corporations. The question involved is whether during the period in question the plaintiff was "carrying on or doing business" within the meaning of section 1000 (a) (1) of the Revenue Act of 1918 (40 Stat. 1126).

The Commissioner who heard the evidence in the case has made a very voluminous report of the facts pertaining to this question. This report has been accepted by both parties with the exception of some minor matters which, in any event, would not change the ultimate conclusion of the court upon all of the evidence in the case.

It is impossible within the reasonable limits of an opinion to refer to more than a very small part of the extremely numerous transactions in which the plaintiff was engaged during the period in question as shown by the evidence. To select a few of these items and discuss them would serve no useful purpose, for the conclusion which we reach is based upon the evidence as a whole, which abundantly satisfies us that the plaintiff was carrying on or doing business during the years involved in the case.

What has been said above makes it unnecessary for us to consider the other objections and defenses which defendant has set up against plaintiff's case.

The plaintiff's petition must be dismissed, and it is so ordered.